IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN LEE RAINWATER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| VS. | ) | Civ. No. 16-1154-JDT-egb |
| | ) | Crim. No. 03-10098-JDT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255

On April 28, 2004, Brian Lee Rainwater entered a guilty plea to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). (No. 03-10098, Crim. ECF Nos. 28, 30 & 32.) At the sentencing hearing this Court determined, based on three prior convictions for aggravated burglary, that Rainwater qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. Consequently, he was sentenced to a 180-month term of imprisonment and a three-year term of supervised release. (No. 03-10098, Crim. ECF Nos. 36, & 37.) The Sixth Circuit affirmed on appeal. *United States v. Rainwater*, 159 F. App'x 672 (6th Cir. 2005).

On June 16, 2016, Rainwater filed a § 2255 motion, contending that his sentence is unlawful under the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1.) In *Johnson*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. 135 S. Ct.

at 2563. The decision in *Johnson* later was held to be retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

It previously was the law in the Sixth Circuit that Tennessee aggravated burglary qualified as a categorical violent felony under the ACCA's enumerated offenses clause, not under the residual clause. *See United States v. Sawyers*, 409 F.3d 732 (2005), *cited in United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). However, the Sixth Circuit has now overruled *Nance* in *United States v. Stitt*, 860 F.3d 854, 860-61 (6th Cir. 2017) (en banc). The Court of Appeals held in *Stitt* that "[b]ecause Tennessee's aggravated-burglary statute is both broader than generic burglary under the categorical approach and indivisible, a conviction under the statute does not count as a violent felony under the ACCA." *Id.* at 862. As a result of that decision, Rainwater's prior Tennessee convictions for aggravated burglary can no longer be used as predicate offenses under either the enumerated offenses clause or the residual clause of the ACCA. Therefore, Rainwater no longer has the requisite number of prior convictions under the ACCA.

Rainwater has filed a motion asking that he be granted immediate release from incarceration. (ECF No. 6.) Absent the ACCA enhancement, the maximum statutory prison sentence Rainwater could have received for a violation of 18 U.S.C. § 922(g) was ten years or 120 months, which he has already served.[1] At a status conference held on August 9, 2017, the United States agreed that Rainwater's § 255 motion should be granted and an amended criminal judgment should be entered sentencing him to time served.

---

[1] In fact, according to the Bureau of Prisons website, Rainwater has been released to a "halfway house" and his entire fifteen-year sentence is set to expire on October 1, 2017. *See* www.bop.gov/inmateloc/.

2

Because Rainwater no longer qualifies for an enhanced sentence under the ACCA, the motion under 28 U.S.C. § 2255 is GRANTED. The judgment in the criminal proceeding is hereby SET ASIDE. The Clerk is directed to prepare an amended criminal judgment sentencing Rainwater to time served and three years of supervised release.

The Clerk is also directed to prepare a judgment in this civil case.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE